### In re MUNSON S. S. LINE.[*]

### FOUST v. MUNSON S. S. LINE et al.

### No. 77.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1936.

For former opinion, see 80 F.(2d) 859.

Gazan & Caldwell, of New York City, for appellant Foust.

Tompkins, Boal & Tompkins and White & Case, all of New York City (Arthur M. Boal, Charles J. Fay, and Alfred N. Heuston, all of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The appellant's additional brief states that he is unwilling to stipulate that he will not use any judgment, that might be secured in the state court, to prove his claim as administrator against the estate of the debtor. One of the reasons he gives for not so stipulating is that the liability policy contains a deductible clause whereby the insured Munson Steamship Line became self-insurer for the first $2,500 of the claim and "as the value of the Foust claim is not over $5,000 such stipulation would mean that the administrator would relinquish a substantial part of his claim."

In view of the refusal of the appellant to stipulate as above, we must determine whether the District Judge abused his discretion in enjoining the claimant from liquidating his claim in the state court. As the estate of the debtor had a substantial interest in the amount of the recovery, the judge in charge of the section 77B (11 U.S.C.A. § 207) proceeding did not abuse his discretion in promoting that interest and in adopting the mode of liquidating the claim which he selected. That mode was more convenient and expeditious than any other and was plainly an advantage to the estate. If the claim had been fully covered by the insurance so that the carrier was primarily liable for the entire damage, we might have reached a different conclusion; but, under the circumstances, we think the determination of the court below was justified.

Order affirmed.

*Certiorari granted 56 S. Ct. 751, 80 L. Ed. —.